IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK MATUZA, as POA of Mother Hope Matuza;<br><br>Plaintiff,<br><br>vs.<br><br>CSL ELKHORN, L.L.C, CSL ELKHORN MANAGEMENT, L.L.C., SONIDA SENIOR LIVING, INC., JOHN DOE(S), and JANE DOE(S),<br><br>Defendants. | 8:23CV63<br><br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Strike (Filing No. 9). For the reasons explained below, the motion will be denied.

**DISCUSSION**

This case was filed on February 17, 2023. (Filing No. 1.) The Complaint alleges causes of action for negligence and breach of contract. Plaintiff asserts that Hope Matuza sustained personal injuries because of negligent care she received at Marquis Place at Elkhorn—a skilled nursing facility. Plaintiff contends Defendant Sonida Senior Living, Inc. ("Sonida") and Defendant CLS Elkhorn Management, LLC engaged in a joint venture to operate Marquis Place.

Defendants seek to strike Paragraphs 20 and 21 from Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). These Paragraphs provide:

> Defendant Sonida Senior Living, Inc., owns seventy-two facilities in eighteen states and has a capacity for 7,800 residents. (Paragraph 20)

> Defendant Sonida Senior Living, Inc., is a publicly traded company with 3,200 employees and a market capitalization of $80,000,000.00. (Paragraph 21)

(Filing No. 1.) Defendants contend the allegations in both Paragraphs 20 and 21 are irrelevant, immaterial, and do not provide useful context or background to Plaintiff's suit. Defendants argue the allegations in Paragraph 20 are prejudicial because they portray Defendants as "big soleless corporations and entities that have no connection to Nebraska" and do not care about their residents. (Filing No. 10.) Similarly, Defendants maintain the allegations in Paragraph 21 pertaining to Sonida's publicly traded status, number of employees, and capitalization are prejudicial because they paint Defendants as big companies that are unable to control their employees and able to pay a large award to Plaintiff.

In opposition to the motion, Plaintiff argues that Paragraphs 20 and 21 are relevant because they speak to the level of care expected from companies with the degree of resources Defendants possess. Plaintiff asserts that as companies having 72 facilities and 7,800 residents, Defendants knew, or should have known, the proper level of care for treating residents. Plaintiff notes that Sonida advertises that it has "72 locations, including many Best of Senior Living Award winners, and offers independent living, assisted living, memory care, and respite care options." (Filing No. 12.) Plaintiff contends this public information is something reasonably relied upon by individuals looking for assisted care and, thus, relevant to showing Plaintiff's reliance on Defendants' expertise. Plaintiff also believes the resources available to Defendants should have been used to support employees. Plaintiff contends that any perceived prejudice can be cured through jury instructions.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion in ruling on motions under Rule 12(f). BJC Health Systems v. Columbia Casualty Company, 478 F.3d 908, 917 (8th Cir. 2007). However, the Eighth Circuit Court of Appeals has found that "[d]espite this broad discretion . . . striking a party's pleadings is an extreme measure" and, thus, such motions are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (quotation omitted). Therefore, "even matters that are not strictly relevant to the principal claim at issue should not necessarily be stricken, if they provide important context and background to claims asserted or

are relevant to some object of the pleader's suit." *Holt v. Quality Egg, LLC*, 777 F. Supp.2d 1160, 1069 (N.D. Iowa 2011) (internal quotations omitted). Generally, "[t]o prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." *Super 8 Worldwide, Inc. v. Riro, Inc.*, No. 8:11CV319, 2011 WL 5827801, at *2 (D. Neb. Nov. 18, 2011) (quotation omitted).

Having considered the matter, the Court will deny the Motion to Strike because there has been an insufficient showing that the challenged allegations have no bearing on the subject matter of this litigation or are otherwise redundant or scandalous. The assertions contained in Paragraphs 20 and 21 could be relevant to elements of Plaintiff's negligence claim. The allegations seem to be aimed at defining Defendants' duty of care and the alleged failure to meet this duty, as well as Defendants' alleged breach of any such duty. Moreover, the Court is not convinced that Defendant would be prejudiced by responding to these allegations. Sonida already advertises that it has 72 locations, so a jury could reasonably infer that Defendants are large corporations with many employees and substantial resources. If discovery reveals that the information is irrelevant, Defendants have recourse other than a motion under Rule 12((f). For instance, prejudice could be cured through appropriate jury instructions.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike (Filing No. 9) is denied.

Dated this 25th day of April, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge